BRIGHT,
dissenting.
I respectfully dissent. In my view, increasing the sentence of a defendant because he is in the country illegally makes little sense when the defendant will be deported after serving his term of imprisonment. As I previously wrote in United States v. Chavez, 230 F.3d 1089, 1092 (8th Cir.2000) (Bright, J., concurring), long sentences for illegal aliens punish not only the defendant but the American taxpayer. “It would be more sensible to give ... a stiff, but shorter sentence and then to promptly deport him ... as an example to other would-be drug dealers.” Id.
Current data on our nation’s prison population and its associated costs evidences this point. Nonviolent offenders constitute over 60% of the prison and jail population. John Schmitt, Kris Warner & Sarika Gupta, The High Budgetary Cost of Incarceration, Ctr. for Econ. & Policy Research, 1 (June 2010), http://www.cepr.net/ documents/publications/incarceration-2010-06.pdf. Nonviolent drug offenders account for 25% of all offenders behind bars. Id. Our country currently spends over $75 billion per year on corrections. Id. at 2. Reducing the number of nonviolent offenders in our prisons and jails by half would save our nation $16.9 billion per year. Id. It would save the federal government $2.1 billion per year. Id. at 11. In this case, there is no record of violent conduct and no need to heavily punish the defendants or to burden the American taxpayer.
Moreover, there are approximately 11.9 million unauthorized immigrants living in the United States. Jeffrey S. Passel, A *943 Portrait of Unauthorized Immigrants in the United States, Pew Hispanic Ctr., i (April 14, 2009), http://pewhispanic.org/ files/reports/107.pdf. The vast majority of whom come to this country seeking employment and a better life. See generally id. The record here contains no evidence that these defendants came to the United States for the purpose of dealing drugs. And it simply seems unfair to punish these defendants differently than a United States citizen who commits the same crime.
Finally, the defendants’ unlawful entry into this country does not warrant the penalty imposed by the district court. The maximum penalty for improper entry in violation of 8 U.S.C. § 1325 is six months’ imprisonment. Here the district court increased each defendants’ sentence by twenty months solely on the basis of defendants’ unlawful entry. With respect to Juarez-Gonzalez, the district court stated, “I’m going to increase the sentence up to 200 months [from 180] because the defendant was in the country illegally and committed a crime while he was in the country illegally....” With respect to Loaiza-Sanchez, the court stated, “I probably would have sentenced you right around the bottom of the guideline range, but I’m increasing it to 188 months [from 168] because you were an illegal guest in the United States and you committed a serious drug offense....” Though the sentences remained within the guideline range for defendants’ drug offenses, the court effectively imposed a term of imprisonment for illegal entry over three times the length of the maximum penalty allowed by statute.
Again, these are nonviolent drug offenders, who did not enter this country to traffic in narcotics, and who face deportation. Even if considering alienage is a permissible sentencing factor, the defendants’ illegal entry does not warrant the harsh penalties imposed here.